## Hough, Clerk, v. Housel *et al.*

1. Error: WITHOUT PREJUDICE: AMENDMENT. The Supreme Court will not revise a ruling refusing leave to a party to amend his pleading, when the amendment offered is set out in the record and is entirely immaterial.

*Appeal from Jasper District Court.*

Thursday, January 25.

This suit is brought upon a bond given by the defendant, C. J. Housel, as assignee, in a general assignment by an insolvent debor: the defendants, Myer & Edmundson, were sureties in the bond. The petition alleges that the assignee had failed to account, &c. The issues were made up, and by agreement of parties the cause was referred to a referee. Before the referee, the defendants asked leave to file an amended answer, which was refused and excepted to. The referee reported in favor of plaintiffs, and the defendants filed exceptions thereto, which were overruled, and judgment rendered upon the report, from which defendants appeal.

*Seevers & Williams* for the appellants.

*J. M. Ellwood, .G. R. Shays & J. W. Sennett* for the appellee.

CoLE, J. — It is unnecessary, in this case, to determine whether a party may amend his pleadings after a reference

1. ERROR: without pre-judice.

and before the referee; because, if the right to thus amend does exist, yet the amended answer in this case was entirely immaterial, since the defendants could prove every fact under their original answer which they could prove under the amended answer. If there was error, therefore, it was error without prejudice, and hence not available on appeal.

Nor is there any better foundation for the objection to the clerical amendment by inserting the word "dollars" in the copy of the bond; or in the refusal to admit original evidence under a cross-examination; or to the form of the report of the referee.

The judgment of the District Court is therefore

Affirmed.